ORDER

The plea of guilty is accepted, subject to Defendant's conditional right to withdraw it pursuant to Fed. R. Crim. P. 11(d)(2)(A). The recommendations in the plea agreement are reserved until the time of sentencing.

*Eli Richardson*
U.S.D.J,

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:23-cr-00002-1 |
| v. | ) | |
| | ) | |
| DEWAYNE PRICE, JR. | ) | Judge Richardson |
| A/K/A "DRAKE" | ) | |

PLEA AGREEMENT

The United States of America, through Robert E. McGuire, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Monica R. Morrison, and defendant, Dewayne Price, Jr., through defendant's counsel, Ben Perry, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

Charges in This Case

1.     Defendant acknowledges that he has been charged in the superseding information in this case with sexual exploitation of a minor, in violation of Title 18, United States Code, Sections 2251(a) and (e), and coercion and enticement of a minor to engage in unlawful sexual activity, in violation of Title 18, United States Code Section 2422(b).

2.     Defendant has read the charges against him contained in the superseding information. Those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter voluntary pleas of guilty to the superseding information, charging sexual exploitation of a minor and coercion and enticement of a minor to engage in unlawful sexual activity.

Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties:

a. Sexual exploitation of a minor: a mandatory-minimum term of imprisonment of 15 years and a maximum sentence of 30 years; a minimum term of supervised release of 5 years and a maximum term of life; a $250,000 fine; a $100 special assessment; a $5000 special assessment pursuant to Title 18, United States Code, Section 3014, for any non-indigent defendant; and not more than $50,000 special assessment pursuant to Title 18, United States Code, Section 2259A(a)(3).

b. Coercion and enticement of a minor to engage in unlawful sexual activity: a mandatory-minimum term of imprisonment of 10 years and a maximum sentence of life; a minimum term of supervised release of 5 years and a maximum term of life; a $250,000 fine; a $100 special assessment; and a $5000 special assessment pursuant to Title 18, United States Code, Section 3014, for any non-indigent defendant.

Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. Defendant also understands that a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and

2

denied admission to the United States in the future, regardless of whether the defendant currently has lawful temporary or permanent resident status.

If defendant is convicted of a sex offense involving a minor victim and has a prior sex offense conviction in which a minor was a victim, then defendant will be subject to a mandatory life sentence, pursuant to 18 U.S.C. § 3559(e).

Acknowledgements and Waivers Regarding Plea of Guilty

Nature of Plea Agreement

5.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:23-cr-00002-1.

6.     Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

a.     If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

b.     If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a

3

reasonable doubt; and that it must consider each count of the superseding information against defendant separately.

c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On October 18, 2022, a knock and talk was conducted at the Defendant's residence in the Eastern District of Tennessee in connection with two CyberTips

4

forwarded to law enforcement by the National Center for Missing and Exploited Children ("NCMEC"). The CyberTips related to chat logs and suspected child abuse material (i.e., child pornography) uploaded to the social media applications Skout and Kik. The Tennessee Bureau of Investigation ("TBI") and the Hamilton County Sheriff's Office ("HCSO") contacted the Defendant, who confessed to being the party involved in chats related to one of the CyberTips. The Defendant provided written consent for law enforcement to search several cell phones and a desktop computer located at his residence. During an on-scene preview of his electronic devices, law enforcement observed numerous files of child sexual abuse material. HCSO subsequently seized the devices and placed them into evidence pending the receipt of a state search warrant to conduct forensic extractions.

On October 26, 2022, the Defendant was interviewed by FBI agents. The Defendant said he utilized the Kik and Scout applications to meet women. He stated one of the women he was talking to on Skout had access to a young child and would send sexually explicit photos to him of this minor. The Defendant stated he would typically find a Kik group to join, select a member he wanted to direct message with, and then he would leave the group. The Defendant would continue messaging with the member.

On December 9, 2022, the Defendant was arrested and charged by the State of Tennessee with child exploitation offenses. After being advised of his *Miranda* rights, the Defendant agreed to waive those rights and speak with Agents. During his interview, he confessed he would meet women on the social media applications Skout and Kik to see if they had access to children and gauge in their willingness

5

to perform and film sexual activity with young female children in their care. Once he received sexually explicit images from women via Skout and Kik, he would then distribute the sexually explicit images he received on Kik.

The Defendant communicated with Alisha Scudder ("Scudder"), who lived in Lebanon, Tennessee, which is in the Middle District of Tennessee. The Defendant traveled to the Middle District of Tennessee and discussed paying Scudder $400 to allow the Defendant to have sexual intercourse with a minor she had access to. Later, the Defendant paid Scudder $100 via CashApp for a video of Scudder performing oral sex on another minor--specifically, a prepubescent minor female in Scudder's care--which Scudder sent to the Defendant, using the internet connection on her cell phone.

The Defendant claimed he received this video from Scudder a year ago, but subsequently deleted it. The Defendant was shown a sanitized image of child sexual abuse material, which showed a piece of clothing, from an image recovered from one of the Defendant electronic devices. After being shown this sanitized image, the Defendant confirmed this was an image he received from Scudder.

On December 9, 2022, a federal search warrant was executed on Scudder's residence and her electronic devices were seized. During an on-site preview of Scudder's cell phone, Agents located several images of child sexual abuse material in a WhatsApp chat with the Defendant, who utilized the username "Drake." In a conversation between the Defendant and Scudder on July 10, 2021, the Defendant told Scudder she could make some money if she recorded the minor female she had access to playing with Scudder's vagina. The Defendant then said he wanted to

6

Scudder to perform oral sex on one of the minor females, but he wanted the minor's face in the image. Scudder asked the Defendant if he could send money to her. The Defendant told Scudder he would send money after she recorded the video he requested and sent it to him. The Defendant instructed Scudder to ask the minor female if she enjoyed receiving oral sex from Scudder.

Within minutes of the chat, Scudder sent a video to the Defendant. The video depicted a prepubescent minor female lying down on a bed. The minor female child was naked from the waist down. During parts of the video, Scudder performed oral sex on the minor female. The Defendant then asked which profile was Scudder's after sending a screenshot of a Facebook profile, which matched Scudder's Facebook profile. The Defendant told Scudder he sent her $50.

During a chat message on December 21, 2021, the Defendant stated he wished Scudder could make one of the minors she had access to take a naked picture. The Defendant then sent an image of a prepubescent minor female child lying naked on a bed. The minor female child's face was visible in the photo. The Defendant then offered to send money via Facebook to Scudder if she could make the minor perform oral sex on her. Scudder then sent another image to the Defendant of fingers spreading open the vagina of the prepubescent minor female.

On or about January 6, 2022, the Defendant asked the Scudder to send "sexy" full body pictures with legs spread open. Scudder then sent another two images of a prepubescent minor female, who was naked from the waist down, lying down with her legs spread open. The focus of the image was the minor child's genitals. The minor female's face was partially visible in the images. These two

7

*BH*

*DP*

images sent by Scudder on January 6, 2022, were located on the Defendant's electronic devices.

On March 13, 2022, Scudder sent three images to the Defendant depicting a prepubescent minor female. One image depicted Scudder's fingers spreading open the vagina of the minor female. The second image depicted the minor female's legs spread open. The third image depicted the minor female spreading her vagina open. The focus of all three images was the minor female's genital area. The minor female's face was partially visible in two of the images.

The Defendant knew that all of the child sexual abuse material produced by Scudder at his request would be transported or transmitted to him via the internet, which is a means and facility of interstate commerce. The Defendant offered to pay Scudder and subsequently did pay Scudder $50 in exchange for the video of child sexual abuse material she produced for him on July 10, 2021. The prepubescent minor female depicted in the video was under the age of twelve at the time of its production.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

8

<u>Sentencing Guidelines Calculations</u>

9.     The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2024. The parties acknowledge that the presentence investigation report will contain a recommended offense level and criminal history calculations under the guidelines and that the Court must perform guideline calculations as part of the sentencing process. However, because this plea agreement is a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that their jointly recommended sentence is an appropriate sentence regardless of the guideline calculations.

10.     For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree to the following calculations, pursuant to Rule 11(c)(1)(c):

      i.     Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

9

<u>Agreements Relating to Sentencing</u>

11.     This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a total term of imprisonment of 420 months in the custody of the Bureau of Prisons and a lifetime term of supervised release to run concurrently with the defendant's sentence in case number 1:22-cr-141 in the Eastern District of Tennessee. Other than the agreed term of incarceration and supervised release, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration and supervised release set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration and supervised release, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12.     Defendant understands and agrees that:

a.     Pursuant to Title 18, United States Code, Section 3583(k), he is subject to supervised release for a minimum of five years up to life.  In this case, defendant agrees to serve a lifetime term of supervised release after his incarceration.

b.     He will submit to sex offender evaluation and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

c.     He will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, in compliance with Title 18, United States Code 2250(a).

10

13. Pursuant to Title 18, United States Code, Sections 3663(a)(1), 3663A(a), 3663A(b), 3664, 2248, and 2259, the defendant agrees to make full restitution, if any, to the victims of any child pornography offenses. The defendant agrees that such restitution shall be made as to all counts charged, regardless of whether the defendant enters a plea of guilty to such counts and regardless of whether such counts are dismissed pursuant to this agreement. The defendant agrees further to pay restitution to any of the defendant's minor victims, if any, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct, as defined by U.S.S.G. § 1B1.3. The defendant acknowledges and agrees that this criminal conduct (or other relevant conduct) includes any minor victim of any child pornography offenses, whether charged or uncharged, under Chapter 110 of Title 18, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense, if any. Further, pursuant to Title 18, United States Code, Section 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

14. Defendant agrees to pay the special assessment of $200 at the time of sentencing to the Clerk of the U.S. District Court.

## Entry of Guilty Plea

15. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

16. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to

11

plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence of 420 months and a lifetime term of supervised release to run concurrently to his sentence in case number 1:22-cr-141 in the Eastern District of Tennessee. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence of 420 months and a lifetime term of supervised release to run concurrently to the defendant's sentence in case number 1:22-cr-141 in the Eastern District of Tennessee.

Other Terms

17. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

12

18.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

<u>Conclusion</u>

19.     Defendant understands that the superseding information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

20.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

21.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

22.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

23.     <u>Defendant's Signature:</u>  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending superseding information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in

13

my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 7/31/25

DEWAYNE PRICE, JR.
Defendant

24. Defense Counsel Signature: I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending superseding information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 7/31/25

BEN PERRY
Attorney for Defendant

Respectfully submitted,

ROBERT E. McGUIRE
United States Attorney

By: _____
MONICA R. MORRISON
Assistant U.S. Attorney

_____
RACHEL STEPHENS
Deputy Chief

14